## MARSHALL *vs.* WINSLOW.

Where, in the building of a vessel one part owner had contributed more than his share of the expense, it was held that he might maintain *assumpsit* against the other part owner to recover such excess; though there had been no liquidation of their accounts, nor balance ascertained, nor any express promise to pay such balance as might be found to exist.

ASSUMPSIT, by one part owner of a vessel against the other to recover a sum expended by the former in the building, beyond his proportion. The joint business of the parties relating to said vessel had been closed prior to the bringing of the action; but there had been no liquidation of their accounts, nor balance ascertained, nor any express promise by the defendant to pay such balance as might be found against him. And for failure of proof in these particulars, the counsel for the defendant insisted the action was not maintained. But *Weston J.* who tried the cause

ruled otherwise, and the jury returned their verdict for the plaintiff—which was to be set aside or judgment rendered thereon, as the opinion of the whole Court should be upon the questions reserved.

*Downes* and *Hobbs,* for the defendant, insisted that no action would lie by one *partner* against another, before any liquidation of their accounts, or demand made, or express promise to pay, and cited the following authorities. 2 *Starkie's Ev.* 124; *Casey and al.* v. *Bush,* 2 *Caine's R.* 293; *Beach* v. *Hotchkiss,* 2 *Conn. R.* 425; *ibid,* 697; *Com. Dig. tit. Merchant D.* 169; *Gow on Partnership,* 99; *Chandler* v. *Chandler,* 4 *Pick.* 78; *Haskell* v. *Adams,* 7 *Pick.* 60.

*Allen,* for the plaintiff, cited *Brigham* v. *Eveleth,* 9 *Mass.* 538; *Jones* v. *Harridan,* 9 *Mass.* 540, *in note; Bond* v. *Hayes,* 12 *Mass.* 30; *Willey* v. *Phinney,* 15 *Mass.* 116; *Fanning* v. *Chadwick,* 3 *Pick.* 420; *Gardiner Factory Co.* v. *Heald,* 5 *Greenl.* 381.

The opinion of the Court was delivered by

PARRIS J.— The parties in this case were jointly interested in building a brig, and the plaintiff, having advanced beyond his proportion, brings his action of assumpsit for contribution.

The defendant resists on the ground that in the transaction out of which the demand arose they were partners, and that, inasmuch as prior to the bringing of the action there had been no liquidation of their accounts, nor any balance ascertained, nor any express promise to pay such balance as might be found due, assumpsit cannot be maintained.

Such no doubt is the law where the claim arises out of partnership transactions, and in relation to partnership concerns;—as where two persons engage in business under a contract to share in the profit and loss arising from such connexion, assumpsit will not lie in favor of one partner against the other on an implied promise, except for a liquidated balance either struck by the parties, or the result of a final adjustment of the partnership concerns. But notwithstanding their association as partners, they may, in their private and individual character, contract with each other in relation to concerns not the subject matter of the partnership,

in the same manner as if such partnership had never existed.   In
the case at bar, if there were any partnership, it was confined ex-
clusively to the brig.   She was to form the common stock or cap-
ital, to constitute which, both parties were to contribute a certain
proportion.   What that proportion was, it is immaterial to inquire,
as the case finds that the plaintiff did in fact advance more than
*his* proportion.   If then we view it as a partnership it is a case
of two persons agreeing to furnish a common stock, and on the
failure of one to advance his share, the deficiency is on his ac-
count supplied by the other.   It is not a question concerning the
division of the stock, or the profits arising from the operations of
the company, and consequently the principles of law relating to
the division of partnership effects, and the rights of partners *inter
se*, do not apply.   No liquidation could be necessary.   Whether
the concern in which they were engaged should be á profitable or
a losing business would be a fact in no way affecting the plaintiff's
rights.   The profit or the loss could not be ascertained until the
capital had been supplied.   That, by mutual agreement, was to
be furnished in proportion to the parties' interest when the vessel
should be completed, and whenever one party failed to supply his
proportion of the capital necessary to the carrying forward of the
work, the other must necessarily furnish it or the whole would be
suspended.   The amount, thus supplied, would be certain, de-
pending on no contingency arising in the prosecution of the busi-
ness, or the employment or sale of the vessel, and, of course, the
plaintiff's right to remuneration would be immediate, not liable to
be postponed to the completion of the vessel, or to be defeated
by any casualty.   Suppose she had been accidentally destroyed
by fire, so that the whole expenditure was a total loss.   Could
the defendant avoid refunding his proportion of the amount ex-
pended?   If a copartnership be by deed and the partners cove-
nant each to advance a stipulated sum, as capital, for the purpose
of launching the partnership, an action to enforce payment will lie
by one partner against the other who fails to make the advance,
and the sum agreed upon will be the measure of damages.   *Ven-
ning* v. *Leckie*, 13 *East*, 7; *Gow on Part.* 106, *Am. ed.*   But
when the contract of partnership is verbal, as it may be, or by
writing not under seal, it cannot be enforced by action of cove-

nant. In such cases, the remedy can be only in assumpsit, and it is advanced as an indisputable proposition by *Gow* in his treatise on the law of partnership, that in whatever instances an action of covenant is maintainable for the breach of a covenant comprised in a deed of copartnership, in the same instances an action of assumpsit can be sustained if the partnership, instead of being constituted by deed, were contracted verbally or by writing only; and he gives an illustration of the principle by stating a case somewhat similar to the one before us. If two persons agree in writing to share the profit or loss upon goods bought by one of them on their joint account, an action of assumpsit may be maintained, founded on the agreement, by the one against the other for the payment of his proportion of the original purchase, — because until that is paid there cannot be any account of profit and loss between them. It is further said by *Gow*, that in an action of assumpsit for money paid to the use of his copartner, one partner may enforce contribution from him in a case in which he has solely discharged a demand to which himself and his copartners were jointly liable. Now, whether the plaintiff and defendant were interested in the brig as copartners or tenants in common, is immaterial to the decision of this case. In either view, the advances by the plaintiff beyond his proportion, as determined by the agreement of the parties, were made for the use and benefit of the defendant, and the law raises the promise of payment.

*There must be judgment on the verdict.*